[No. 7999.]

## STRATTON'S ESTATE V. FINNERTY.

1. APPEAL AND ERROR—*Partial Error.* The award of execution upon the allowance of a claim against a decedent's estate will not suffice to reverse the judgment of allowance. The award of execution stricken out. (414)

2. ——*Substantial Justice—Harmless Error.* Where it appears that further litigation will not produce a result more favorable to the complaining party, immaterial errors will be disregarded. (414)

*Error to El Paso District Court.*—Hon. J. W. SHEA-FOR, Judge.

Messrs. CHINN & STRICKLER, for plaintiff in error.

Messrs. SCHUYLER & SCHUYLER, Mr. EDWARD C. STIMSON, Mr. JULIUS C. GUNTER, Mr. HENRY E. LUTZ, and Mr. PAGE M. BRERETON, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Finnerty filed a claim in the county court of El Paso County against the estate of W. S. Stratton, deceased, in the sum of $32,500.00, for services rendered as a broker in negotiating a sale of notes secured by mortgages, held by and belonging to Stratton, on the Brown Palace Hotel and other property in the City of Denver, and the decree foreclosing these mortgages. A jury in the county court returned a verdict for the estate. From a judgment accordingly the claimant appealed to the District Court, where trial was had with the same result. Claimant then brought the case here for review on error and the judgment was reversed and the cause remanded for a new

trial: *Finnerty v. Stratton,* 53 Colo. 17, 123 Pac. 667. The re-trial resulted in a verdict and judgment for claimant in the sum of $6,550.00 and the estate has brought the case here for review on error.

· The judgment rendered concluded by authorizing the issuance of an execution. The statute inhibits an execution to issue upon a judgment rendered on a claim filed against an estate but the violation of this inhibition does not justify the reversal of the judgment. Counsel for plaintiff in error concede that the attention of the trial court was not called to this matter and we shall therefore amend the judgment by striking the part awarding the execution.

It appears to us the other errors assigned are clearly without merit or were considered and determined adverse to the contention on behalf of the estate when the case was here before. We are satisfied from the record as a whole that claimant is entitled to the sum awarded by the jury, and even if the record is not free from error, it is manifest the estate was not thereby prejudiced, and that to further litigate could not possibly result in a judgment more favorable to the estate than the one rendered.

The judgment of the District Court, as amended, is affirmed.

*Judgment affirmed.*

Decision *en banc.*

CHIEF JUSTICE MUSSER not participating.